S. N. ECURY, Plaintiff and Appellant, *v.* THE MISSIONARY SERVANTS OF THE MOST HOLY TRINITY OF PUERTO RICO (ST. AUGUSTINE'S MILITARY ACADEMY), Defendant and Appellee.

No. 8059.    Argued November 27, 1939.—Decided November 30, 1939.

Luis Ríos Algarín for appellant.  Eduardo Urrutia for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appeal in this case was taken on July 29, 1939, and on August 10 following, that is, when the term granted for it by law had elapsed, appellant requested the trial court to order the stenographer to prepare the record so that he could perfect his appeal.

At this stage of proceedings, on August 22 last, the appellee filed with the Clerk of this Supreme Court a motion requesting the dismissal of the appeal as it was not perfected in time, and on that same day appellant filed a motion addressed to this Court, requesting it to exercise its discretion in the sense of granting him a new term within which the stenographer could prepare the transcript of evidence as otherwise his appeal would be dismissed.  The Court was then on vacation and the Judge in vacation entered an order providing that the Court be informed in its first meeting.

Both motions were set to be heard on the 27th of November, 1939, the parties appearing through their respective counsels and arguing the case at length.

The reason adduced by appellant for filing his motion of August 10 in the district court, is that he left in his office, on July 22, 1939, the notice of appeal already drawn, leaving to attend a camp of the National Guard of which organization he is an officer, and instructing his clerk to file it on the thirtieth, which was the day when the term within which to appeal, expired; that notwithstanding this, his employee filed it on the 29th which was Saturday and that he, upon computing the ten days which he had to request the order for the transcript, started on the assumption that the notice had been filed on Monday, July 31, as the thirtieth fell on

Sunday, filing his petition on August 10, when the term had actually elapsed.

Although the explanation is not very satisfactory, we would feel inclined to exercise our discretion granting a new term if appellant had shown us that his appeal was a meritorious one, or if he had taken advantage of the three months which have elapsed from the time of the filing of his motion to the hearing of the same, to obtain the stenographic record.

Not being in consequence, convinced of the merits of the appeal or of the diligence of appellant and the term within which to file the record in this Court having elapsed in excess, without any bill of exceptions, statement of the case or transcript of evidence pending prosecution in the district court, the dismissal requested lies.

Mr. Justice Travieso took no part in the decision of this case.